**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| WAYNE VERITEL HUGHES, | ) | No. CV 08-627-VAP (AGR) |
| Petitioner, | ) | |
| | ) | **ORDER TO SHOW CAUSE WHY THIS** |
| v. | ) | **ACTION SHOULD NOT BE DISMISSED** |
| WARDEN, | ) | |
| Respondent. | ) | |

On January 30, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). For the reasons discussed below, it appears that the one-year statute of limitations has expired and that Petitioner has failed to exhaust his state remedies.

The Court orders Petitioner to show cause, on or before *March 5, 2008*, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations. In addition, the Court orders Petitioner to show cause, on or before *March 5, 2008*, why his Petition is not subject to dismissal for failure to exhaust state remedies.

///

///

///

# I.

## **PROCEDURAL HISTORY**

According to the Petition, Petitioner was convicted on November 18, 2003, of conspiracy to possess marijuana for sale and conspiracy to sell marijuana. (Petition at 2; Petition, Attachment Appendix D at 3.)  The sentence was 25 years to life. (Petition at 2.)  On appeal, the California Court of Appeal affirmed the judgment on August 25, 2004. (*Id.* at 2-3.)  Although the Petition is not clear, it appears that no Petition for Review was filed in the California Supreme Court. (*Id.* at 3; *see also* Petition, Attachment Appendix D at 2 (no entry for petition for review in California Supreme Court).)

On January 9, 2006, Petitioner signed his first state habeas petition with the San Luis Obispo Superior Court. (Petition, Attachment at 10.)[1]  On January 23, 2006, Petitioner signed a Supplement to the state habeas petition in the San Luis Obispo Superior Court. (*Id.* at 11)  Petitioner states that this state habeas petition was denied on June 26, 2006, but does not attach a copy of the decision. (Petition at 4.)  On May 29, 2007, Petitioner filed a second state habeas petition in the San Luis Obispo Superior Court based on *Cunningham v. California*, 127 S. Ct. 856 (2007). (Petition, Attachment Appendix D at 12.)  On September 17, 2007, the Superior Court denied the second state habeas petition on the grounds that Petitioner's sentence was based on his prior convictions under the Three Strikes Law and, in any event, *Cunningham* does not apply retroactively. (*Id.*)  The Petition does not indicate that any state habeas petitions were filed at the California Court of Appeal or California Supreme Court. (Petition at 4.)

///

///

///

---

[1]   For ease of reference, the Court has assigned consecutive numbers to the Attachment.

## II.

## <u>STATUTE OF LIMITATIONS</u>

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1).  The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A.    <u>The Date on Which Conviction Became Final</u>

Based on the record before the court, Petitioner was convicted on November 18, 2003.  (Petition at 2; Petition, Attachment Appendix D at 3.)  The California Court of Appeal affirmed the judgment on August 25, 2004.  (Petition at 2-3.)  It appears that Petitioner did not file a Petition for Review in the California Supreme Court.  Although the Petition responds to Question 4 by stating that a Petition for Review was filed, the case number refers to Petitioner's first state habeas petition in the San Luis Obispo Superior Court and the date of decision (August 25, 2004) is the date that the California Court of Appeal affirmed the judgment.  (Petition at 3; Petition, Attachment Appendix C.) In addition, the state court's online docket does not indicate that any Petition for Review was filed.  Therefore, Petitioner's conviction became final 40 days later on October 4, 2004.  *Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005) (citing to California Rules of Court 24(b)(1) and 28(e)(1), since renumbered as Rules 8.264 and 8.500 respectively), *revised for other reasons*, 447 F.3d 1165 (9th Cir. 2006), *cert. denied*, 127 S. Ct. 979 (2007).

Accordingly, the one-year statute of limitations expired no later than October 4, 2005.  Petitioner's undated federal habeas petition was lodged on January 7, 2008.

Therefore, the Petition is time-barred unless the statute of limitations was tolled. The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, the Petition indicates that Petitioner's first state habeas petition was signed on January 9, 2006, three months after the statute of limitations expired. (Petition, Attachment at 10.) A state habeas petition filed after the limitations has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004). Given that Petitioner does not appear to have filed any habeas petitions in state court before expiration of the one-year statute of limitations, the limitations period was not tolled at any time pursuant to 28 U.S.C. § 2244(d)(2).[2]

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida,* 127 S. Ct. at 1085. Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citation and internal quotation marks omitted). The extraordinary circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

The Petition does not indicate any basis for equitable tolling.

### B.   28 U.S.C. § 2244(d)(1)(D) - Discovery

Ground Six of the Petition alleges ineffective assistance of counsel for allowing Petitioner to be the only defendant tried on the charges and for allowing Petitioner to be convicted. (Petition at 6a.) Ground Eight of the Petition alleges ineffective assistance of appellate counsel based on the appellate brief. (*Id.* at 6c.)

In the context of an ineffective assistance claim, the statute starts to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim

---

[2]   The one-year statute of limitations is not tolled while a federal habeas petition is pending. *Lawrence v. Florida*, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007).

that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice (whichever is later).  *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001).

Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  "'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'"  *Hasan*, 254 F.3d at 1154 n.3.

Here, the dates on which Petitioner knew or through diligence could discovery the factual predicate of his claim in Ground Six and Ground Eight occurred before the date Petitioner's conviction became final and, therefore, do not aid Petitioner.  Petitioner knew or through diligence could discover the factual predicate of his claim in Ground Six during the trial and no later than the date of conviction, November 18, 2003.  (Petition at 6a.)  Appellate counsel's brief (the basis of Ground Eight) is dated July 2004.  (Petition at 6c; Petition, Attachment Appendix A.)  Under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations would have expired one year later.  As discussed above, Petitioner is not entitled to statutory tolling because his state habeas petition was signed on January 9, 2006, after the statute of limitations expired.  (Petition, Attachment at 10.)  The Petition does not contain any basis for equitable tolling.  The Petition is still time-barred under 28 U.S.C. § 2244(d)(1)(D).

### III.

### EXHAUSTION REQUIREMENT

The AEDPA expressly provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir.), *cert. denied sub. nom James v. White*, 513 U.S. 935 (1994).  Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

It appears from the Petition that Petitioner has never presented any of his grounds for relief to the California Supreme Court.  Thus, it appears that the Petition in this Court is completely unexhausted and is subject to dismissal on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

**IV.**

**ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before ***March 5, 2008***, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the Petition based on expiration of the one-year statute of limitations.  In addition, Petitioner shall show cause, if there by any, why his Petition is not subject to dismissal for failure to exhaust state remedies before the California Supreme Court.

Petitioner's response must explain why his Petition is not barred by the statute of limitations.  In addition, if Petitioner contends that the exhaustion requirement has been met, Petitioner should attach a complete copy of his Petition for Review or Petition for Writ of Habeas Corpus before the California Supreme Court, a complete copy of any decision by the California Supreme Court, and clearly explain how the exhaustion requirement has been met.

///
///
///
///
///

1   **_Accordingly, if Petitioner does not respond to this Order to Show Cause,_**

2   **_the Magistrate Judge will recommend that the Court order the petition dismissed,_**

3   **_with prejudice, based on expiration of the one-year statute of limitations._**

4

5   DATED: February 5, 2008

6   _____

7   ALICIA G. ROSENBERG
    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28