FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 21 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WAYNE VERITEL HUGHES,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN,<br><br>    Respondent. | No. CV 08-627-VAP (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

   Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Petition, all the records and files herein, the Magistrate Judge's Report and Recommendation, and the objections to the Report and Recommendation that have been filed herein. Having made a de novo determination, the Court agrees with the recommendation of the Magistrate Judge.

   IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: April 16, 2008

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE VERITEL HUGHES,<br><br>    Petitioner,<br><br>  v.<br><br>Warden,<br><br>    Respondent. | NO. CV 08-627-VAP (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Virginia A. Phillips, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that the Petition for Writ of Habeas Corpus be denied.

///
///
///
///
///
///

## I.

## SUMMARY OF PROCEEDINGS

Petitioner was convicted on November 18, 2003, of conspiracy to possess marijuana for sale and conspiracy to sell marijuana. (Petition at 2; Petition, Attachment Appendix D at 3.) His sentence was 25 years to life. (Petition at 2.) The California Court of Appeal affirmed the judgment on August 25, 2004. (*Id.* at 2-3.) No Petition for Review was filed in the California Supreme Court. (*Id.* at 3; *see also* Petition, Attachment Appendix D at 2 (no entry for petition for review in California Supreme Court).)

On January 9, 2006, Petitioner signed his first state habeas petition with the San Luis Obispo Superior Court. (Petition, Attached State Petition at 6.[1]) On January 23, 2006, Petitioner signed a Supplement to the state habeas petition in the San Luis Obispo Superior Court. (Petition, Attachment Appendix D at 11) Petitioner states that this state habeas petition was denied on June 26, 2006. (Petition at 4.) On May 29, 2007, Petitioner filed a second state habeas petition in the San Luis Obispo Superior Court based on *Cunningham v. California*, 127 S. Ct. 856 (2007). (Petition, Attachment Appendix D at 12.) On September 17, 2007, the Superior Court denied the second state habeas petition on the grounds that Petitioner's sentence was based on his prior convictions under the Three Strikes Law and, in any event, *Cunningham* does not apply retroactively. (*Id.*) The petition does not indicate that any state habeas petition was filed with the California Court of Appeal or the California Supreme Court. (Petition at 4.)

On January 30, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in this Court. On February 5, 2008, the Court issued an Order to Show Cause why the petition should not be dismissed with prejudice based on the expiration of the one-year

---

[1] For ease of reference, the Court has assigned consecutive numbers to the Attachment.

2

statute of limitations, and why it should not also be dismissed for failure to exhaust. On March 3, 2008, Petitioner filed a response ("Response").

This matter is now ready for decision.

## II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A.   The Date on Which Conviction Became Final

Petitioner was convicted on November 18, 2003. (Petition at 2; Petition, Attachment Appendix D at 3.) The California Court of Appeal affirmed the judgment on August 25, 2004. (Petition at 2-3.) Petitioner did not file a Petition for Review in the California Supreme Court.[2] Therefore, Petitioner's conviction became final 40 days later on October 4, 2004. *Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005) (citing to California Rules of Court 24(b)(1) and 28(e)(1), since renumbered as Rules 8.264 and 8.500 respectively), *revised for other reasons*, 447 F.3d 1165 (9th Cir. 2006), *cert. denied*, 127 S. Ct. 979 (2007).

///

---

[2] Although the response to Question 4 states that a Petition for Review was filed, the case number refers to Petitioner's first state habeas petition in the San Luis Obispo Superior Court and the date of decision (August 25, 2004) is the date that the California Court of Appeal affirmed the judgment. (Petition at 3; Petition, Attachment Appendix C.) In addition, the state court's online docket does not indicate that any Petition for Review was filed.

Accordingly, the one-year statute of limitations expired on October 4, 2005. Petitioner's undated federal habeas petition was lodged on January 7, 2008.

Therefore, the Petition is time-barred unless the statute of limitations was tolled. The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, Petitioner's first state habeas petition was not signed until January 9, 2006, three months after the statute of limitations expired. (Petition, Attached State Petition at 6.) A state habeas petition filed after the limitations period has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004). Given that Petitioner does not appear to have filed any habeas petitions in state court before the expiration of the one-year statute of limitations, the limitations period was not statutorily tolled at any time pursuant to 28 U.S.C. § 2244(d)(2).[3]

### B. Discovery of the Factual Predicate of the Claim

Ground Six of the petition alleges ineffective assistance of counsel for allowing Petitioner to be the only defendant tried on the charges and for allowing Petitioner to be convicted. (Petition at 6a.) Ground Eight of the Petition alleges ineffective assistance of appellate counsel based on the appellate brief. (*Id.* at 6c.)

In the context of an ineffective assistance claim, the statute starts to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for

///

---

[3] The one-year statute of limitations is not tolled while a federal habeas petition is pending. *Lawrence v. Florida*, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007).

4

prejudice (whichever is later). *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001).

Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan*, 254 F.3d at 1154 n.3.

Here, the dates on which Petitioner knew or through diligence could have discovered the factual predicate of his claim in Grounds Six and Eight occurred before the date Petitioner's conviction became final and, therefore, do not aid Petitioner. Petitioner knew or through diligence could have discovered the factual predicate of his claim in Ground Six during the trial and no later than the date of conviction, November 18, 2003. (Petition at 6a.) Appellate counsel's brief (the basis of Ground Eight) is dated July 2004. (Petition at 6c; Petition, Attachment Appendix A.) Under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations would have expired one year later. As discussed above, Petitioner is not entitled to statutory tolling because his state habeas petition was signed on January 9, 2006, after the statute of limitations expired. (Petition, Attached State Petition at 6.) The Petition is still time-barred under 28 U.S.C. § 2244(d)(1)(D), unless Petitioner is entitled to equitable tolling.

C.  **Equitable Tolling**

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence,* 127 S. Ct. at 1085. Even assuming equitable tolling applies, Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citation and internal quotation marks omitted). The extraordinary

///

5

circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

Petitioner argues he is entitled to equitable tolling based on the fact that the prison supposedly lost his legal papers after a "lengthy lockdown" and Petitioner's transfer to another facility. (Response at 1-2.) Petitioner attaches a grievance he filed with the prison relating to the loss of his property. (Response, Ex. A.) However, according to the grievance, Petitioner was transferred on October 18, 2005. (*Id.*) He signed a form on the previous day related to his property. (*Id.*) He submitted the grievance on November 19, 2005. (*Id.*) Therefore, at the earliest, he lost possession of his legal materials on October 17, 2005. As noted earlier, the statute of limitations on his claims expired on October 4, 2005. Because he lost his property after the expiration of the limitations period, equitable tolling on that basis does not assist Petitioner.

Petitioner also argues that he had trouble acquiring his trial transcripts. (Response at 3.) He states that on June 18, 2005, he sent a letter to the California Supreme Court requesting those transcripts. (*Id.*) However, the absence of transcripts is not a basis for equitable tolling in this case. *See United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) ("lack of transcripts [does] not actually make it impossible" to file a habeas petition); *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) ("[T]he state's alleged refusal here to provide [petitioner] with a complete transcript does not justify equitable tolling"), *cert. denied*, 537 U.S. 1121 (2003); *Fadayiro v. United States*, 30 F. Supp. 2d 772, 779-80 (D.N.J. 1998) (delay in receipt of transcripts does not justify equitable tolling). Moreover, it was unnecessary for Petitioner to obtain the transcripts before filing his petition here as Respondent would have been required to lodge the transcripts. *See* Rule 5(c) of the Rules Governing § 2254 Cases.

Accordingly, Petitioner's arguments fail, and the petition is time-barred.
///

## III.

## EXHAUSTION

The AEDPA expressly provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir.), *cert. denied sub. nom James v. White*, 513 U.S. 935 (1994). Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

Based on the petition, Petitioner has never presented any of his grounds for relief to the California Supreme Court. Nor does he argue in his Response that he has. Therefore, the petition is completely unexhausted and must also be dismissed on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

## IV.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation and (2) directing that judgment be entered denying the petition with prejudice.

DATED: March 7, 2008

_____
ALICIA G. ROSENBERG
United States Magistrate Judge